## CIRCUIT COURT OF FAIRFAX COUNTY

Ching and Sun

v.

Future Communications, Inc.

March 12, 1991

Case No. (Law) 99241

By JUDGE ROSEMARIE ANNUNZIATA

The matters before me are defendant's Motions for Leave to Amend Answer and Grounds of Defense and Leave to Withdraw and Amend Admissions filed in this case in Order to assert two affirmative defenses to plaintiff's claim. The relevant facts are stated below.

The plaintiffs, by counsel, filed their Motion for Judgment on August 15, 1990, claiming defendants were in breach of a lease entered into by the parties. Answer, by counsel, was filed on October 2, 1990. On November 12, 1990, plaintiff served its first set of Interrogatories, First Request for Production of Documents, and First Request for Admissions on the defendant. Defendant answered plaintiffs' Request for Admission and Interrogatories on December 5, 1990. A pre-trial Order was entered on December 18, 1990, setting the trial on June 12, 1991. All discovery was required to be initiated on or before March 12, 1991, and concluded thirty days before trial. The deposition of Future Communications, Inc., was noticed for January 7, 1991, renoticed for January 14, 1991, and again for February 5, 1991. Defendant failed to appear for the February 5th deposition. Other than the attempt to depose the defendant, no additional discovery has been conducted by plaintiffs since January 14, 1991, and defendants con-

ducted no discovery at all. Trial is set for June 12, 1991.

On February 22, 1991, plaintiffs noticed their Motion for Summary Judgment for hearing on March 1, 1991. On February 26, 1991, defendants filed the motions at issue before the Court, having retained new counsel.

Plaintiffs argue that they will be unduly prejudiced if the defendant's motions to Amend the Answer and Grounds of Defense are granted. In reliance on defendant's pleadings which remained unchanged since December 5, 1990, plaintiffs prepared for litigation with only one matter at issue: the correct calculation of late fees due as a result of unpaid rent. *See* plaintiffs' Motion for Summary Judgment and the pleadings filed herein. Plaintiffs' allegations regarding liability and damages, except for the amount due in late fees, were admitted, with no affirmative defenses noted. It was on this basis that plaintiffs filed their Motion for Summary Judgment.

Plaintiffs assert that the legal theories upon which defendant wishes to proceed could and should have been pleaded from the outset. *See* letter to the Court from plaintiffs' counsel, dated March 1, 1991, at 3. Defendant states that the failure to plead the defenses and to properly answer the Request for Admissions was due to the prior counsel's "misapprehension of the law." Defendant further argues the only prejudice plaintiffs will suffer will be "forcing them to try the case on the merits."

Having reviewed the pleadings, the arguments of counsel and the relevant law, I find defendant's Motion to Amend its Answer should be denied on the ground that the motion is untimely and that it will result in undue prejudice to the plaintiffs. *Forman v. Davis*, 371 U.S. 178 (1962). The motion comes at a point when the plaintiffs had a right to conclude that the pre-trial and case preparation period had essentially been concluded, since the posture of the case had remained unchanged since early December. Only after plaintiffs completed the task of discovery, within the time constraints imposed by the Court's scheduling Order, and prepared their Motion for Summary Judgment were defendants' new defenses and issues asserted. Former counsel's misapprehension of law is not a satisfactory reason for the delay. *See, Eagle Wine & Liquor Co. v. Silversberg Elec.*, 402 A.2d 31, 35 (D.C.

C.A. 1979). The prejudice to the plaintiff which results from the grant of an amendment to the defendant's pleadings arises from the need to prepare an entirely new case based on new theories of law, after having fully prepared the case based on the matter first put in issue by the defendants. Furthermore, pre-trial and trial decisions have been made in reliance upon defendant's stated positions, including decisions on whether to settle the matter or litigate.

I further find that defendant's Motion for Leave to Withdraw and Amend Admissions should be denied. Rule 4:11(b) permits the withdrawal and amendment of responses to Requests for Admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the Court that withdrawal or amendment will prejudice him in maintaining his action." Defendants' motion regarding its responses to admissions and its Motion to Amend its Answer are interrelated. They are premised on the defendants' desire to advance new legal theories, rather than on the discovery or development of new underlying facts, I, therefore, cannot conclude that granting defendant's Motion to Withdraw and Amend admissions will serve the presentation of the merits of the action. I further conclude, as noted above, that plaintiffs will be prejudiced by the grant of the motion.